Thank you very much and thank you for the opportunity to appear remotely. Shall I proceed? Please. Thank you. Good morning, Your Honor. Stuart Hester, appearing on behalf of plaintiff and appellant. The summary judgment in this case was erroneously based on the conclusion that Officer DeRozo's violation of law was not clearly established under the second prong of the Qualified Immunity Standard. As described in Torres v. City of Madera, while the first prong of the Qualified Immunity Standard examines whether the officer had a reasonable mistake of fact, this prong, the second prong, examines whether the officer had a reasonable mistake of law. In evaluating this prong, the court must assume that the officer, again in the words of Torres, quote, correctly perceived all of the relevant facts and asked whether an officer could have reasonably believed at that time that the force actually used was lawful under the circumstances. Here, it isn't disputed that plaintiff, in fact, suffered a stroke and was in need of emergency medical care. The second prong issue here is thus whether if DeRozo had correctly recognized that plaintiff had suffered a medical emergency, was the law clearly established that she would have been required to summon medical care, or was any mistake of law by Officer DeRozo that she did not have to summon that care, even though she perceived the medical emergency reasonable? But would we have to conclude first that her mistake was itself unreasonable, or at least that that is a jury question? That is true under the first prong of the Qualified Immunity Standard, yes, and the district court agreed with plaintiff that, in fact, questions of fact existed as to that issue. But is that is that right? Is that right? I mean, the here, she, you know, she comes upon him and she just shows up on the side of the highway and sees him acting in a certain way. And your position is it was unreasonable not to call for further to call for medical assistance at that couple facts that would support the district court's conclusion that, in fact, Officer DeRozo was unreasonable. First, I'd like to call the court's attention to the pictures of plaintiff's vehicle at pages 253 to 259 of the excerpt. The record would show that the vehicle had a crushed hood, major front end damage, engine extrusion, a flat right tire, and that the airbag had been deployed. Then you have what how Officer DeRozo encountered plaintiff. He was sweating profusely, spoke with slurred speech, was slow to react, his pupils were constricted, he exhibited confusion, poor balance, extremely slow speech, dry mouth, made multiple spontaneous and coherent statements. He could not tell where he was coming from, and he could not say where he was going or how the collision occurred. These are all indications of a medical emergency, especially when considered in relation to the condition of plaintiff's car. And the CHP's own protocols, which Officer DeRozo agreed she was familiar with, require her to take additional steps to rule out a medical emergencies. Those very protocols conclude, quote, it is imperative that the possibilities of medical conditions be explored and ruled out to prevent the arrest of innocent sober persons and to prevent a person who is injured from being subject to further aggravation and or a lack of medical attention. That's an excerpt of Record 277. What is the relevance of the of the protocols and the training? Does it show that her mistake was unreasonable or does it show that the law is clearly established? Where do you see the protocols being relevant to the legal analysis here? It's our position that those protocols are relevant to establish that her mistake was unreasonable. She jumped to the conclusion that that plaintiff was on drugs because she ruled out that there was any indication of intoxication. He had a 0.0 blood alcohol level. There were no indications of any alcohol in the car, any open containers or in the car, and there's no other indication. He didn't smell of alcohol. There was no indication of alcohol intoxication. So she simply concluded that based upon his condition, he must be under the influence of drugs without ever considering the protocols that required her to determine whether or not he was actually suffering from medical emergency, which would have included calling an EMT, which would have included calling a readily available drug identification expert that the CHP had, who would have been able to do an evaluation of him and rule out that he was in fact on drugs. He simply reached a conclusion directly contrary to the protocols that the CHP trained her on to determine whether or not he was suffering from a medical emergency. Can you address the second prong, the clearly established prong? Obviously, Supreme Court has been pretty tough on this, and here the facts are somewhat unique in the sense that the symptoms could have been due to a stroke or could have been potential drug use. Obviously, the officer made a tragic mistake, but can you address that? I mean, what are the best cases to show that this right was clearly established? Well, let me back up a little bit into that answer and describe what the district court concluded. The district court concluded that the law was not clearly established because there was no Ninth Circuit case that says that if a medical emergency is not the result of an injury inflicted during the course of an arrest, that medical attention is necessarily required. So the district court drew a distinction between a medical emergency resulting from an arrest and a medical emergency that pre-existed the arrest or was independent of the arrest. And it's our position that that is not a sufficient distinction to conclude that the law is not clearly established in the Ninth Circuit. Just because cases such as Tatum use language such as injured while being apprehended does not mean that it's only prisoners or only arrestees, excuse me, who are injured while being apprehended that are entitled to medical care. I think I agree with you. I mean, I think if a police officer sees someone hurt and injured, there's, you know, he or she has some duty to help out. But here, can you address the specific facts here where the symptoms can be indicative of two things and the officer makes a very bad mistake here? You know, what's the clearly established case law here? Well, I would say that it's our position that you do not have to have a case specifically addressing the particular facts that occurred to determine whether or not the law was clearly established. Here, if you conclude that the law is clearly established that an officer encountering a suspect who is in need of medical, who has a medical emergency is required to attempt to facilitate medical treatment, then I think you have to, you should conclude that the second prong is met without saying, well, we have a case of similar circumstances where the officer made a mistake because it's our position that's a mistake of fact. And prong two concerns a mistake of law. The issue here is whether or not if Officer Durazo had, under prong two, if Officer Durazo had actually understood that plaintiff was suffering from a medical emergency, is the law clearly established that she would have been required to summon medical attention? And so when you get into whether or not the facts demonstrate whether or not she was reasonable, she never claimed, Officer Durazo never claimed, well, the only reason I did not summon medical care was because I was confused as to the law as to whether or not I was required to do that. She simply relied on the fact that she made a tragic mistake and concluded that plaintiff was on drugs. And so it's our position that you do not have to have a case specifically identifying the particular facts that the particular factual mistake made by the officer in this case to determine whether or not there was clearly established law. And that, of course, was in part the issue in JKJ, which the court is, I know, familiar with and is aware that there was an en banc grant on that. And then the case settled. That was the issue that was going to be addressed in that case is the extent to which a factual mistake has any plays a role in determining whether or not there was clearly established law. And with respect to JKJ and obviously this case here, the question is, I understand your point that this was a unreasonable mistake of fact and therefore qualified immunity shouldn't apply. But if we adopt your position, aren't we collapsing qualified immunity into just one step, that first step? That is, if there is an unreasonable mistake of fact, there's liability. You don't have to look at clearly established. If it was a reasonable mistake of fact, there's no violation and therefore no liability. So it seems like we're then just collapsing all qualified immunity into just one step, which was an unreasonable or reasonable mistake of fact. And I know that that was one of the vexing questions in JKJ of how do we resolve this? And I would urge that's not the case. I mean, in this case, the fact that there was no mistake of law by officer Durazo, I would suggest means that that's that standard, that that prong of the test is met. But there are cases where, in fact, an officer could conclude that a particular type of restraint was appropriate. And then a court comes along and says, no, that particular type of restraint should not be used under and therefore you violated the suspect's Fourth Amendment, the arrestee's Fourth Amendment rights. But because there's been no case that says this type of restraint is inappropriate, we're going to nevertheless afford the officer qualified immunity because the law as to that particular use of restraint was not clearly established. Or the officer comes across a arrestee that he or she suspects might be suffering from a medical condition and decides to take one particular course of conduct versus another and says, OK, I'm not going to perform CPR or I'm not going to take these particular acts. And a court ultimately concludes those types of acts were necessary to satisfy your Fourth Amendment obligations. But because there's no case that determines that, in fact, that has that is required, we're going to determine the law is not clearly established and you're entitled to qualified immunity. But that's not the case here. Counsel, I guess you referenced Tatum and I and I and I read those facts. But in that case, the arrestee at issue in Tatum, didn't they display certain symptoms of drug use before the officer initiated the the arrest? Yeah, I went in Tatum. I think what's important is in Tatum the decedent died of cocaine toxicity. The cause of death was the ingestion of the drugs and therefore, by definition, though, you know, that was not what was obvious, obviously caused the arrest. And yes, the plaintiff in that case was displaying those symptoms prior to the arrest. And so it wasn't simply an ink. The officer in that case didn't necessarily just make the mistake about, you know, whether or not the victim, the victim was suffering a medical emergency or whether or not there was ground there was there was probable cause to arrest to arrest her or him. I remember the facts of that case, he was pounding on the police door, etc, etc. And clearly, there were there were grounds to arrest here was simply a mistake here was just a tragic mistake of fact. And unlike in the winger case, which is on a somewhat different set of legal principles, there was no or JKJ, for example, there was no, we're going to make all these efforts to get you medical attention. But because the the arrestee is saying, I don't want that medical attention, I don't need that medical attention, please don't give it to me. The provided here, none of that occurred. The officer simply drew the conclusion, you must be on drugs, despite the arrestees denial, and therefore I'm going to arrest you delay your transportation to the hospital for three hours. And and and you're going to suffer those consequences for the rest of your life. And I see I have one minute left. I'd like to reserve that for rebuttal of the court permits. Yeah, let's let's put two minutes on the clock for rebuttal. And we'll go ahead and hear from Mr Gutman. Good morning, Your Honor's Nathan Gutman, deputy attorney general for appellees and may it please the court. It sounds like appellant is trying to import just a pure negligence standard uh into the second prong of the qualified immunity analysis through this mistake of fact doctrine, which is incorrect as Judge Lee's question pointed out. Before we get to the second um prong, I I just want to make sure I understand your position on the first prong. Are you conceding that there was a constitutional violation in this case? No, because we are disputing whether there was causation. Well, that's that's that's interesting because I was trying to understand that argument. So I want to give you a hypothetical so I can tease out your your position. Are you suggesting that in a situation where an officer sees an individual breaking into a vehicle smashes the window of that vehicle to grab a person is running away with a expensive purse um but is gushing uh throughout um falls to the ground in pain uh and in that circumstance the officer arrests that that person. Are you saying that there's no um uh reasonable duty of care in that uh constitutional duty of care in that circumstance? In that situation, the plaintiff may satisfy the the first prong um summary judgment. Right. But my question is whether or not there's a constitutional right to that treatment. Uh I would say there's no clearly established right but a district court at summary judgment could certainly find that prong established if causation were not an issue and on appeal we're not disputing um the the reasonableness aspect of that first prong ruling what we're disputing on the first prong issue is the causation. When you say causation what you mean I guess from your brief is that even if they had taken him to the hospital promptly after the accident he still would not have been able to get this additional treatment because the stroke symptoms manifested the night before. Yes, basically. But what is there another causation argument? No, I would just phrase a little differently because um it's undisputed that the the only treatment that's at issue here required an affirmative baseline of normalcy and it's also undisputed that the the doctors did try to find that baseline and couldn't because there were no witnesses uh to to the district court disagreed with you on this point right he said well that's that's at least just found our position hard to believe which was um not supported by the evidence because that issue would first of all require uh expert testimony and second of all there was just a complete lack of evidence showing any baseline even assuming that as a common sense matter maybe the the beginning of a stroke time is is crucial there's just absolutely no evidence when the stroke began it actually seems that um if if this is the argument you're at you are asking us to basically affirm on a ground that the district court essentially rejected yes uh getting back to the clearly established issue the the mistake of fact analysis is not a way around uh meeting the requirements of the clearly established prong it's a way of of satisfying those requirements meaning if there's clearly established law that puts it beyond debate that an officer's conduct would violate given constitutional provision in certain circumstances then it's an officer can't benefit from misperceiving those facts that that would show the violation under that clearly established law is it not i mean if an officer here had come upon the plaintiff and had believed that this gentleman was in affirmative medical distress are you disputing that there was no duty at that point to call a paramedic or do something more than what she did are you saying that's not clearly established yes okay what's your basis for that because there's cases that say you know if someone is in a medical distress you have a duty to provide some kind of care i'm generalizing a little bit but that's what the law is and we don't have a case that involves somebody that crashes into the side of a highway quite like what you have here but the issue here it would seem to be that there was really no effort to get him any medical attention until he was taken to the jail we're dealing specifically with the fourth amendment here that that's the claim that appellant is making and our universe of cases is one case it's tatum in tatum the court decided that the previous 14th amendment due process standard did not apply to this this slice of the timeline between arrest and booking and it explicitly based that on grams as an extension of grams excessive force analysis so the idea that that that analysis has to do with injuries that occurred during apprehension it that's not just a an irrelevant fact of those of that case that's the reason for the court's conclusion that's why the court extended a fourth amendment excessive force analysis it explicitly said so isn't it isn't our our case law talking about the care that's provided of an individual when they're in custody and that's what's clearly established isn't it the the due process right certainly with a deliberate indifference standard after booking clearly established and i would say i would grant that tatum may clearly establish um exactly what it said which is so you're calling there's not that it's uh uh it wouldn't it's not that it's uh uh not a 14th amendment due process but a fourth amendment is what you're saying that's and that's what appellant is saying standard any different i mean they're both okay why do you say that it under the fourth amendment it's a reasonableness standard um and the 14th amendment uh has a deliberate indifference standard okay but if if again let's just uh assume that the mistake of factor was unreasonable right that a jury could find that any reasonable officer who came upon this scene would would believe that this person needed medical attention right at that point what is why wouldn't that be deliberate indifference to to just arrest somebody and not call a paramedic assuming that the officer was deliberately indifferent to to a urgent need for medical attention yes that would right okay but so doesn't that get to the key issue in the case which was is her was her mistake here reasonable or not oh it it was reasonable and i would stress here that um appellant has not cited any facts of symptoms so why wouldn't that be a jury question i guess her reasonableness the um it i i think on these facts it's it's not debatable because it's not hold on she was she did a pb she did a pbt correct a portable breath test showing zero zero zero correct yes she was not a dre correct right uh so uh and she had people she could call and she didn't do that this happened at five o'clock in the afternoon it wasn't like it was two o'clock in the morning um under those circumstances why wouldn't it be reasonable for her to see that this person um you know is in is in need of medical attention so i would say that the reasonable just is not disputed because it is undisputed first of all that appellant denied having anything medically wrong with him declined medical attention and also that he did not display any symptoms that would distinguish a stroke from um from intoxication those would be asymmetry type symptoms uh that's not alleged and and given a a suspect who is displaying only symptoms that are totally consistent with intoxication has denied having anything wrong with him at this stage are we supposed to interpret the facts in light most favorable to this to the state or uh or to the plaintiff in this case to the appellant but to plaintiff and these facts are undisputed uh just a clarification on that point in the district court's um decision it noted unequal pupil size that actually wasn't in the evidence and that's why um appellant hasn't cited it if you just follow the district court also said that the parties dispute whether debronstein denied needing medical care having medical issues or needing to take any medication so is your position that's that statement's wrong yes uh the in the separate statement those issues were nominally disputed but the the evidence did not dispute whether debronstein made those statements the evidence that was cited in order to dispute that statement of the states was just evidence showing that the officer shouldn't have believed those statements um specifically there was a transcript partial transcript of this interaction that began 14 pages in and didn't purport to show that he did not make those statements what what what do we make of uh derosa's statement you know you've got a serious condition why does that not create a dispute of fact uh i i think i i don't think that shows that she um that she believed it was a medical condition as opposed to um you are you are in serious condition i mean i i understand i just don't know what she said but i guess the other the other piece of this is that you know the officer didn't just come upon debronstein walking down the street acting strange right he had just been in this pretty serious car accident and why wouldn't it have been why would you say it's reasonable in light of that to to not call an ambulance or why couldn't the jury conclude that again because he declined medical and this is undisputed he declined medical help and denied having anything medically wrong with him is that is that always going to you know if somebody is is in great extreme pain or medical situation and they deny it they you know i don't need a doctor is that a police officer then just has no duty to basically override them and say no you do need an ambulance no drawing from deliberate indifference cases it seems that there are situations where somebody um nonetheless is displaying like like a life-threatening problem but again it's undisputed that the symptoms that appellant was displaying here were all symptoms consistent with intoxication and did not show in and of themselves that if i can interrupt but even assuming that the officer thought mr bronstein was uh using drugs given the severity of the car accident i mean the picture showed his car was crushed he could have still sustained injuries a concussion or something else and seems like regardless of whether uh she thought he used drugs or not it may be the reasonable thing would have been to call the ambulance uh because someone you know drugs or not he was in a severe car accident yes so those that would totally go to negligence and if the court affirms the negligence all the state law claims just go back to to state court that that can certainly be disputed whether it would be prudent to err on the side of caution the issue is whether uh it was beyond debate that the fourth amendment in particular required an officer to do that right but if if it's if a jury found that that her actions were unreasonable what would be the what would be the legal defense at that point well if we were if qualified immunity was denied and we were at jerk at a jury trial and the only issue was reasonableness we'd just be arguing those facts um so i i don't think there's any sort of separate legal defense at that point judge lee made the comment that you know in in some of these cases is there a concern that the the issues collapse and what i'm trying to think through is yeah there may be some situations where they do because it just depends on on the case and perhaps this is one of them where if you if if the mistake of fact is unreasonable then it sort of then follows in light of the particular circumstances that the law was clearly established enough but because this isn't a question where someone's saying you know you didn't do the cpr or you didn't you didn't call you know you didn't do this particular medical technique the problem here is that there was basically nothing done on the scene which seems uncommon when someone's been in such a severe accident right that those would just be jury arguments and and we would be arguing that this needs to be looked at from the officer's perspective of an officer who was seeing somebody declining medical care and who didn't display any symptoms that showed any acute medical issue outwardly or anything inconsistent with intoxication again the the real issue here is the lack of clearly established law thank you okay thank you mr gutman uh mr ezner rebuttal then can you just go ahead and address this issue of your client declining medical care did he do did he decline that what does the record show i don't recall him declining it i mean honestly the the page of the excerpt of record that i i had printed out which may not be the complete record based on what i just heard was at 128 where officer dorazo asked him are you okay and he answered yes but i don't recall the specific declining of the medical care but i can't represent to the court that council is misstating the record in that regard but it's certainly no indication that he was forcefully clear or clearly not in need of medical care to a point where somebody who may have suffered a head injury should be believed that medical care isn't required under officer dorazo's training so i would suggest that's still a question of fact even if he specifically said i don't want medical care that whether or not he needed it was something that officer dorazo was trained to independently evaluate and should have nevertheless summoned that care or at least ruled out that he was in fact on drugs which he was capable of doing by calling the drug detection expert that the chp had available at that time on the issue of the the the second prong i just want to close by asking the court just take a step back and and recall what the purpose of that second prong is out of fairness to officers so that if there's confusion into the law as to the law as to what they're the necessary steps that are needed uh should are the officer has given the benefit of the doubt and the court has clearly determined that in fact these particular steps are required where there's an issue where the mistake is purely one of fact which is simply that officer dorazo did not appreciate that plaintiff was suffering from a medical emergency and took no steps to rule out the fact that she or to rule out the fact that then it's the law is clear if he was suffering a plaintiff and i and i think i just heard somewhat of an agreement if plaintiff was in fact suffering from a medical emergency um officer dorazo was required to summon a attempt to facilitate medical care the fact that that was not done here um is is is a violation of law that was clearly established and the second prong of the qualified immunity standard therefore has been met unless the court has any questions i know i'm out of time okay i want to thank both council for the helpful briefing and argument this matter is submitted and we're adjourned
judges: LEE, BRESS, MENDOZA